O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWIRE SOLUTIONS, LLC, ) | Case No. CV 09-07479 DDP (FFMx) |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S MOTION |
| ) | TO REMAND |
| v. ) | |
| ) | [Motion filed on November 9, 2009] |
| ROBERT SEXTON, an individual; ) | |
| DECORP AMERICAS, a Delaware ) | |
| corporation; SOUTHWIRE ) | |
| COMPANY, a Georgia ) | |
| corporation and Does 1 ) | |
| through 50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on plaintiff's motion for remand. After reviewing the papers submitted by the parties and considering the arguments therein, the Court is inclined to deny plaintiff's motion to remand the case to state court.

**I.   BACKGROUND**

   A.   Procedural Background

On August 18, 2009, plaintiff Flatwire Solutions, LLC ("Flatwire") filed suit in Los Angeles County Superior Court against

defendants Robert Sexton ("Sexton"), DeCorp Americas ("DeCorp"), and Southwire Company ("Southwire") alleging causes of action for (1) breach of contract; (2) negligent misrepresentation; and (3) intentional misrepresentation.

On October 15, 2009, Sexton removed the instant action based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441.

On November 9, 2009, Flatwire filed a motion to remand the instant proceeding to state court.  On November 16, 2009, Southwire filed an opposition to Flatwire's motion.[1]  On November 23, 2009, Flatwire filed a reply.

B.   Factual Background

This case arises from defendants' alleged breach of a contract to market and sell a patented product called "flatwire."  (Compl. ¶ 7.)  On October 1, 2004, Flatwire and DeCorp entered into a Distribution Agreement ("agreement"), pursuant to which Flatwire was appointed the exclusive distributor of patented flatwire technology.[2]  (Compl. ¶ 8.)  Under the agreement, Flatwire was the exclusive distributor for a customer base that includes Custom Electronics Design and Installation Association("CEDIA") installers, integrators, and retailers throughout the United States.[3]  (Compl. ¶ 11.)  Also under the agreement, defendants were

---

[1] On October 16, 2009, DeCorp and Sexton filed a joinder to Southwire's opposition.

[2] The patented flatwire technology consists of a system of paper-thin wires that connect electronic devices.  Compl. ¶ 8.  The flatwire eliminates the need in many cases for "in the way" or "through the studs" installation for electronic components.  Compl. ¶ 8.

[3] CEDIA is a trade association of individuals involved in the business of installing high quality audio, video, and home theater
(continued...)

2

allegedly obligated to provide marketing, technical, and sales support that "would be crucial to the success of marketing efforts to CEDIA installation professionals." (Compl. ¶ 11.) Flatwire alleges that it suffered damages as a result of defendants' failure to supply flatwire products and "failure to provide any meaningful technical, sales or marketing support" despite its obligations to do so under the agreement. (Compl. ¶ 5.)

**II.  LEGAL STANDARD**

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (2007).

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint who have been properly served in the action must also join in the removal. Hewitt v. City of

---

[3](...continued)
equipment. Compl. ¶ 4.

1  Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  This is known as the
2  rule of unanimity.  See Chicago, Rock Island & Pac. Railway v.
3  Martin, 178 U.S. 245 (1900); see also Schwarzer,et al., California
4  Practice Guide: Federal Civil Procedure Before Trial 2:905.2
5  (2007).
6      Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on
7  any defect other than subject matter jurisdiction must be made
8  within 30 days of the filing of a notice of removal.

## III. DISCUSSION

### A.   Whether Removal Was Proper

Southwire's notice of removal shows that all defendants have properly joined in the removal petition pursuant to 28 U.S.C. 1446(b).  Southwire's notice of removal represented that defendants Sexton and DeCorp "consent[ed] to and join[ed] in the removal of this action."  See (Notice of Removal ¶¶ 3-4.)  The Ninth Circuit has held that "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant."  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).  Even though Sexton and DeCorp have filed separate notices of joinder in removal on October 16, 2009, the notice of removal filed on October 15, 2009 is effective because it contains the statement of consent from co-defendants Sexton and DeCorp, and it is signed by an attorney of record.  See id. (holding that one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney is sufficient for removal).

Flatwire contends removal was not timely because defendants Sexton and DeCorp did not join in removal until October 16, 2009 and defendants did not remove within the 30-day removal period that commenced on September 15, 2009.[4] (Mot. at 5.) Because Southwire's notice of removal properly joined all co-defendants and was effective on October 15, 2009, the Court concludes that Southwire's removal was timely.[5]

**III. CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES Flatwire's motion for remand.

IT IS SO ORDERED.

Dated: December 29, 2009

DEAN D. PREGERSON
United States District Judge

---

[4] 28 U.S.C. § 1446(b) does not address the time period for removal in actions involving staggered service of multiple defendants. Ford v. New United Motors Mfg., Inc., 857 F. Supp. 707, 709 (1994). Although the Ninth Circuit has yet to reach this issue, the majority of published decisions have found that in multi-defendant actions, the 30-day removal period commences for all defendants when service is accomplished on the first-served defendant. See, e.g. Teitelbaum v. Soloski, 843 F. Supp. 614, 615 (1994). Here, the 30-day removal period commenced on September 15, 2009, the date Southwire was served. (Opp'n at 2.)

[5] Flatwire argues at length that DeCorp lacked the ability to consent to removal because of its status under Delaware law, as a "nonexistent" corporation. The Court need not reach this argument, as Proctor makes clear that an attorney of record for one defendant can provide notice of all defendants' consent to removal. Proctor, 584 F.3d at 1225.